The Chancellor.,
By an article of agreement under seal, dated September 25th, 1843, John Albright,covenants to sell to George Van Scoten, “ and by these presents does sell,” all that tract of land, .-situate, &c., containing about one hundred and fifty-six acres; and to make to Van Scoten, on or before the 1st of April thereafter, a good ánd sufficient-warrantee deed, in fee simple, free from incumbrances; possession to be given on the said 1st day of April. And Van Scoten, “for and in consideiiation of the-above tract of land,” covenants and agrees to pay Albright $1850 in cash, and to give him possession of a certain pleasure wagon valued at $80: “the payments to be made ,as follows: $200 on or before the first day of April then next .ensuing; $400 -on the first of April, l-84’5 ; the balance of the purchase money to be paid in installments of .-$200 a year for • each and every year, all with interest, until all is paid ;” and for the performance of the agreement the parties bound themselves •each to the other in the penal sum of $500. The wagon was delivered at the execution of the agreement. On the first of April thereafter, Van Scoten tendered the $200, which by the .agreement was to be paid on that day, and demanded the deed and possession ; and the bill says, 'he at the same time offered .to give his promissory7 notes to Albright, for the payment of the several sums of money, the residue of the consideration, in the sums, and payable at the times, respectively, mentioned in the ' agreement; or to leave the agreement in full force for the payment of the said several sums; and that Albright refused to deliver the deed and possession. The bill states that Albright demands a mortgage on the premises .for the consideration. The bill prays the specific performance of the agreement.
The answer admits the agreement, and states that during the negotiation, it was understood.and agreed by and between ,the parties, that the balance qf the.consideration, beyqnd the *469 (§200 to be paid on the first, of April, the day on which the deed was to be delivered, was to be secured by a mortgage on the premises, and that the complainant, before the article was drawn, in the negotiations previous thereto, agreed so to secure the said balance. The defendant admits that the wagon was delivered to him, when the agreement was executed, and that he accepted it in part of the-consideration : but says it was accepted only on the supposition that the complainant would secure the balance according to such previous understanding. He admits the tender of the money and demand of the deed, but, denies that the complainant at the same time offered to give his promissory notes for the payment., &c., as stated in the 'bill, or to leave the agreement in full force for the payment of the said several sums; hut says, that when the complainant counted down the $200 and demanded a deed, he asked the complainant if that was all he had to offer, and the complainant said it was, and all he was bound to offer; and that he, the defendant, refused to deliver the deed. t He admits he wrote the article of agreement, but says, that not being accustomed to write instrumente of that kind, ho used a form which was for cash payments, and consequently said nothing about securing the balance of the purchase money. Ho says that he had a good warrantee deed for the'premises made out and executed by him and his wife to the complainant-; and that he has never refused to deliver it, provided the complainant would secure the purciiase money by mortgage; and that he is anxious that the complainant should accept the deed, provided he secures the purchase money by mortgage, according to the spirit and understanding of the negotiations and agreements between them.
The answer in this case is very unnecessarily long and tedious, and the testimony taken quite as much so. The complainant has endeavored to show by testimony that Albright expressly agreed to take the complainant’s notes for the balance of the purchase money. The evidence does not show it. Albright has endeavored to show by testimony that the complainant agreed to give a mortgage on the premises for it. If, .would be unprofitable to give a minute detail of that evidence: *470 ;and the case can be decided satisfactorily to my mind'without •doing>so.
By the agreement Albright agrees to sell the tract and to make a deed for it and give possession on the first of April, 1844. Tan Scoten agrees to pay $1850 in cash, and a vvagon; $200 on or before the said first of April, 1844; $400 on the first of April, 1845, and the balance in installments of $200 a ■year. There is nothing said in the agreement either-of notes ■or of a mortgage to be given for the balance of the purchase money. The complainant says, in his bill, that when he ten- • dered the $200 and demanded a deed, he offered to give his notes for the balance. The defendant denies this. It is immaterial to the question now involved, whether the complainant offered to give his notes or not. The prayer of the bill is, that Albright be decreed to convey; and if the principle on which ■the bill goes is correct, this is all the court would have to do. The agreement is silent as to any thing being given by the •complainant by way of security for or evidence of the further indebtedness for the purchase money. Perhaps the draftsman •of the bill saw that if, in praying for a deed, he tendered himself ready to give his notes for the balance, a thing not called for by the agreement, he might be asked why not tender a mortgage ?
The case comes to this: will the court, when, asked to decree a specific performance of this contract—a matter resting in the -sound judicial discretion of the court—decree that a deed shall be given without making provision for the security of the pur- - chase money, or requiring any thing to be given by the complainant as evidence of his further indebtedness for the purchase money? The court would not do this, unless it was fully satisfied of the sufficiency and sufficient-convenience of the agreement itself as a lien for the purchase money. But though the -purchase money might be a lien, it is not such a one as the court should leave the defendant to, when asked by the complainant -to give him its aid in enforcing the performance of the agreement.
If the complainant is unwilling to give a mortgage, his.bill will be dismissed.